[Crim. No. 3632. In Bank.—November 2, 1933.]

THE PEOPLE, Respondent, v. M. LIPPNER, Appellant.

A. Brigham Rose for Appellant.

U. S. Webb, Attorney-General, Alberta Belford, Deputy Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

Ben B. Lindsey, as *Amicus Curiae* on Behalf of Appellant.

CURTIS, J.—This is an appeal from a judgment sentencing the defendant to imprisonment in the county jail,

after an order revoking defendant's probation. The defendant pleaded guilty to three counts of an information filed against him in the Superior Court of the County of Los Angeles, charging him with three separate violations of the Corporate Securities Act. Thereafter, and on June 16, 1928, the court, without pronouncing any judgment against said defendant, ordered that all proceedings against the defendant be suspended ''and defendant granted probation for a period of five years under the following conditions: Defendant must reimburse the investors within one year and shall comply with such other terms as shall be set forth by the probation officer.'' On January 21, 1930, the court made a further order in the case as follows: ''Terms of probation are modified as follows: Defendant is allowed four years to reimburse investors. All other terms of probation are to remain the same.'' At a hearing before said court, either to modify the terms of said probation, or to determine whether the defendant had violated the terms thereof [the record does not clearly indicate the nature of said proceeding], at which hearing the defendant was present with his counsel, witnesses were examined and evidence was admitted, the court, on June 6, 1932, made the following order: ''This defendant having violated the terms of his probation, probation heretofore granted is revoked. No legal cause appearing why judgment should not be pronounced, the court pronounces judgment and sentence as to each of the counts, 1, 6, and 11 of the information.'' The court then pronounced judgment against the defendant that he be imprisoned in the county jail for the term of two years upon each of said counts, and that the sentences were to run concurrently.

It is from this order and judgment that the present appeal is taken by the defendant.

The grounds of appeal are threefold and may be stated as follows:

1. That the condition contained in said order of probation that defendant reimburse the investors is void and, therefore, the violation thereof did not warrant revocation of probation.

2. That the trial court abused its discretion in finding that defendant had violated the terms of his probation and in revoking the order admitting him to probation.

3. That the court had lost jurisdiction to pronounce judgment against the defendant of imprisonment in the county jail for the period of two years and for that reason said judgment was void.

It will be observed that the original and amended order of probation set forth only one condition or term of probation, and that condition was that the defendant should "reimburse the investors". At the hearing at which defendant's probation was revoked, the trial court said, "The only purpose of granting probation was to give him an opportunity to reimburse these people." From this record, the defendant asserts that the sole purpose of defendant's probation was to enable him to make restitution to those whom he had wronged, and that no provision was made, nor was any term or condition imposed by the court which had for its object or purpose the restoration or rehabilitation of the defendant. The defendant contends that the prime, if not the sole, object and purpose of all legislation providing for the probation of persons convicted of crime is to rehabilitate them and thus enable them possibly to become useful members of society. It is admitted that the court may require, as one of the terms upon which a defendant is granted probation, and in fact it is expressly so provided in section 1203 of the Penal Code, that he make restitution to those he has wronged, but it is insisted that to make this the sole object of probation is such a departure from the spirit and true purpose of all probation legislation from its inception down to the present time, as to render such a condition void and of no effect whatever, and that a violation of such a condition imposed under the circumstances just related would not constitute a legal or valid cause for the revocation of probation granted thereunder. The contention is made that a probationer who is released under the sole condition that he reimburse his victims might continue after probation to carry on his criminal practices and so long as he complied with the condition of his probation, even if the funds used by him for that purpose were the fruits of his criminal acts, the court granting him probation would be powerless to revoke his probation for his subsequent violations of the law, so long as he complied with the condition of his probation to restore to those whom he had injured that of which he had defrauded them. Defendant has, we think, over-

looked, or at least has failed to recognize, the real import of that provision of section 1203 of the Penal Code which gives to the court, after the re-arrest of a probationer, the power to revoke and terminate such probation, "if the interests of justice so require, and if the court in its judgment, shall have reason to believe . . . that the person so placed on probation is violating any of the conditions of his probation, or *engaging in criminal practices, or has become abandoned to improper associates or a vicious life."* By that portion of the section which we have italicized, the court has been given full authority to revoke the probation of a defendant, who after being granted probation engages in criminal practices or has become abandoned to a vicious life even though there are no such conditions expressed in the order of probation. ■ These grounds of revoking probation are, in effect, made conditions upon which every order of probation is granted. Their object and purpose are for the restoration and rehabilitation of the defendant. They not only are intended as aids to assist him in mending his former ways, but they are designed, in so far as the order of the court may accomplish that purpose, to deter him from future violations of the law. Had the trial court incorporated in its order of probation a condition that the defendant abstain from committing any crime, or from engaging in criminal practices or from becoming abandoned to a life of viciousness, we apprehend that defendant would concede that such a condition had for its purpose his restoration and rehabilitation. As the code section has for all practical purposes made these conditions a part of every order of probation, whether expressly set forth therein or not, it cannot be held that an order of probation omitting any express condition which tended to the restoration of the defendant for that reason only lacks any of the essential elements of a valid and legal order. We do not mean to be understood as intimating that a condition in an order of probation that defendant make restitution has no tendency toward restoring the defendant to a life of rectitude. There can be no real reformation of a wrongdoer unless there is at least a willingness on his part to right the wrong committed. The effect of such an act upon the individual is of inestimable value, and to a large extent determines whether there has been any real reformation. The order admitting de-

fendant to probation in its original form, and as amended, was, in our opinion, a valid order of probation, although it set forth expressly only, as the condition of defendant's probation, that he make restitution to those persons who had lost their money through the illegal acts of the defendant.

The next contention of defendant is that, conceding the proceedings under which he was admitted to probation were in every way valid, the court abused its discretion in revoking his probation and pronouncing judgment of imprisonment upon him. This contention is based upon the alleged showing of defendant that while he had not complied with the condition of his probation requiring him to "reimburse investors", he conclusively showed at the hearing that he was financially unable to make compliance, although he had done everything within his power so to do. Under these circumstances, the defendant contends that the action of the court in revoking his probation was arbitrary and should not be sustained by this court. It is conceded that in proceedings of this nature the trial court is clothed with a wide discretion in the granting and revoking of the probation of a person convicted of crime.     While he may not act arbitrarily in either denying probation or in revoking an order granting probation, yet it would require a very strong showing to justify a reviewing court to set aside an order of court either denying probation in the first instance or revoking probation after it was once granted, upon the ground that the judge had abused his discretion. The defendant has directed our attention to no case decided by the courts of this state, or elsewhere for that matter, in which an appellate court has reversed an order of the trial court in the matter of either granting, denying or revoking probation on the ground that the action of the trial court was arbitrary. We have not discovered any such authority. It does not follow, however, that such a case may not arise or possibly has not arisen, but the dearth of such cases demonstrates the assertion above that only in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation. For an interesting discussion of this question, see *People* v. *Jones*, 87 Cal. App. 482, 497 [262 Pac. 361]. In that case there is a

strong intimation that the action of the trial court in the exercise of its discretion of granting or denying probation is not subject to review on appeal. But that question was not necessary for the decision of any issue in that case, and for that reason the case cannot be regarded as an authority upon the question under discussion.

In the case of the defendant, as we have seen, his probation was revoked after a hearing before the trial court at which the defendant was present with his counsel. The defendant had an opportunity and did testify fully as to every matter thought to be pertinent by either himself or his counsel. His former counsel testified on his behalf. The probation officer was also present with his report concerning the activity of the defendant while on probation. A transcript of the testimony taken at said hearing has been transmitted to this court for our examination and perusal. We have carefully read it. The proceedings of other hearings before said court relating to the conduct of the defendant since his admission to probation have also been made a part of the record herein by an order of this court, made since the transfer of this cause to this court upon the motion of respondent for the diminution of the record. While we think from this record the trial court upon said full hearing may well have extended the time within which the defendant was required to "reimburse the investors", we are not prepared to say that the trial judge acted arbitrarily or abused the discretion imposed in him by law in revoking the order previously made granting probation. It is true it was shown that defendant was then well along in years, being sixty-nine years of age. He was not in good health, but was then suffering, and for some time past had suffered, from a double hernia. He was in the real estate business, which, during the period of defendant's probation, was shown to be exceedingly inactive. He had made offers to turn over practically all of his property for the purpose of applying the proceeds thereof to the payment of those whom he had defrauded. There was evidence also to the effect that during a considerable portion of said period of time he had been unable to support himself and family by his earnings. The showing thus made by defendant, as we have said, was sufficient to justify the trial court in extending the time of his probation. In fact, we feel free to state

that in our opinion, such action on the part of the trial court would have been preferable and more in accordance with the spirit of the humane provisions of our probation laws. However, we are unable to say that in refusing to do so, the trial court acted either arbitrarily or that its action does not find support in the record before us. In the first place, it is evident from the testimony taken at the hearing that the probation officer, who had the supervision of the defendant during his probation, was not favorable to defendant. He was not satisfied with defendant's conduct during his probationary period. There had been accusations made that the defendant, through his wife, had engaged in rather extensive operations in the construction of an expensive apartment house necessitating the use of various sums of money. While the defendant made a detailed denial of such accusations, and apparently explained his actions in that matter satisfactorily to himself and counsel, it is apparent that he did not altogether satisfy either the probation officer or the court that his conduct in this and in other respects was free from criticism. We have already referred to the fact that, upon the motion of the respondent for the diminution of the record, the records of the proceedings of previous hearings before the trial court involving the conduct of defendant while on probation have been forwarded and are made a part of the record on appeal in this action. While there is nothing in these proceedings of any decisive importance, they do show that on more than one occasion before the hearing at which his parole was revoked, defendant's financial entanglements had been the subject of consideration and investigation by the probation officer and the court. Upon this subject a number of reports of the probation officer had been made to the court. The defendant also had during the period of probation filed with the court various statements or reports as to his financial activities and resources. It is quite apparent that for some considerable time before the court revoked defendant's probation, the probation officer had become distrustful of the sincerity of defendant's efforts to comply with the condition of his probation to "reimburse the investors". This is made perfectly clear by the following excerpts taken from the report of the probation officer dated January 26, 1932, "Since then [referring back to his report of July, 1931],

the situation has remained as before and no matter what smoke screen he may throw out to confuse the issue, it is evident that the probationer has no intention of complying with the court order, hoping to stall along until June, 1933, when jurisdiction will be lost.'' Other references might be made to statements appearing in these reports. Some of these are not so unfavorable toward defendant as the one quoted above and in some cases the reports are in defendant's favor. These reports, together with evidence taken at the hearing, were before the court at the time of the revocation of defendant's probation. From this review of the condition of defendant's case as it was then before the court, we are unable to say that the court abused its discretion in revoking the order admitting him to probation. As we have said, a wide discretion in these matters is necessarily lodged in the trial court. The latter is guided in a large measure by the reports of the probation officer. The latter officer is provided by law to assist the court in dealing with probation cases. To hold that the court acted arbitrarily when it based its order of revocation upon the report of its probation officer would do violence to the whole scheme of the law upon the subject of probation. We do not mean to intimate that the court should substitute the judgment of the probation officer in place of its own. The court in the final analysis must act upon its own judgment in these matters. In doing so, it may reject *in toto* the report and recommendation of the probation officer, and make its decisions in total disregard of that officer and of his recommendations. On the other hand, as is frequently, and we may say, as is usually, the case, the court may adopt a course in harmony with the conclusions reached by the probation officer. In the event it pursues this latter course, its acts can in no way be subject to the criticism that they are arbitrary or without the legal discretion with which the court is invested.

The final contention of defendant is that the court lost jurisdiction to pronounce judgment against the defendant of imprisonment in the county jail. This contention is based upon the assertion that the defendant did not plead guilty to the commission of a felony, and, therefore, the court could only require defendant to remain on probation for a period of two years in this particular case. The

defendant pleaded guilty to three separate charges of violating the Corporate Securities Act. Such an offense is punishable by imprisonment in the state prison for five years, or in the county jail for not exceeding two years. (Sec. 18, Corporate Securities Act.) The court by its judgment sentenced defendant to the county jail, thus making the offenses of which the defendant was guilty misdemeanors (sec. 17, Pen. Code), the maximum punishment for which would be two years on each count, or six years in all. The court, however, made the sentence on each count to run concurrently with the sentences in the other two counts, thus fixing the maximum term of his sentence at two years. The defendant at the time judgment was pronounced had been on probation approximately four years. Did the court in this state of the record lose jurisdiction to pronounce said judgment of imprisonment in the county jail? The powers of the court in this respect are governed by the provisions of section 1203 of the Penal Code. By subdivision one of said section, it is provided that, "The court in the order granting probation, may suspend the imposing of the execution of the sentence and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence, except as hereinafter set forth." None of the exceptions is applicable to any questions involved in this case. The words, "maximum possible term of such sentence", have been held to mean the maximum possible term of sentence which may be imposed by the court for the offense of which the defendant has been found guilty, or to which he has pleaded guilty. (*In re Giannini*, 18 Cal. App. 166 [122 Pac. 831].) In this action the defendant, as we have seen, pleaded guilty to three charges which were punishable either by imprisonment in the state prison or in the county jail. In *Doble* v. *Superior Court*, 197 Cal. 556 [241 Pac. 852], it was held that under such a plea the defendant is guilty of a felony. On page 576 of the opinion in that case this court said: "A fair construction of section 17, in order to give effect to every part thereof, requires us to hold, and we do so hold, that in prosecutions within the contemplation of that section, the charge stands as a felony for every purpose up to judgment, and if the judgment be felonious in that event it is a felony after as well as before judgment; but if the judgment is for

a misdemeanor it is deemed a misdemeanor for all purposes thereafter.'' Therefore, when the court suspended judgment and placed defendant on probation, it was on his plea to three separate and distinct felonies, each punishable by imprisonment in the state prison for the term of five years. The maximum possible term of sentence under these three felonies was fifteen years. There is no question but that the court could have sentenced the defendant to state prison for the term of fifteen years at the time he placed him on probation. It was accordingly within the power of the court at that time to fix the period of defendant's probation at any term not exceeding the fifteen years, the maximum possible term of sentence which the court could have imposed upon the defendant. As the court fixed the term of probation at five years, and pronounced judgment against the defendant within that period, it acted within its jurisdiction, and the judgment so imposed is valid and binding upon the defendant.

The judgment is affirmed.

Scawell, J., Waste, C. J., Langdon, J., and Preston, J., concurred. Thompson, J., being disqualified, did not participate herein.

Rehearing denied. Thompson, J., being disqualified, did not participate.