Filed 8/12/15  P. v. Carter CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>             Plaintiff and Respondent,<br><br>      v.<br><br>DEAN ANTHONY CARTER,<br><br>             Defendant and Appellant. | B257959<br><br>(Los Angeles County<br> Super. Ct. Nos. LA071783 &<br> LA074506) |

APPEAL from an order of the Superior Court of Los Angeles County.  Martin L. Herscovitz, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Jessica C. Owen , Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Dean Anthony Carter appeals from the July 2, 2014 order of the court terminating his probation in case Nos. LA071783 and LA074506 and imposing an aggregate state prison sentence of three years eight months. Defendant contends there is insufficient evidence supporting the court's determination he violated the terms of his probation.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant is required to register as a sex offender pursuant to Penal Code section 290 because of a 1994 conviction. In August 2012, in case No. LA071783, defendant was charged, by felony complaint, with three counts of violating the sex offender registration statutes: two counts of failure to register (§ 290, subd. (b); counts 1 & 3), and one count of failure to update annual registration (§ 290.012, subd. (a); count 2). It was also specially alleged defendant had suffered two prior prison term convictions within the meaning of section 667.5, subdivision (b), and one prior felony conviction that qualified as a strike under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

Defendant entered into a plea agreement in which he pled no contest to count 1. The court found a factual basis for the plea and accepted defendant's plea and waivers. On October 4, 2012, the court suspended imposition of sentence and placed defendant on three years of formal probation. One of the terms of defendant's probation was to obey all laws, orders of the court and rules and regulations of the probation department. Pursuant to the terms of the plea, the court dismissed counts 2 and 3.

On March 13, 2013, defendant's probation in case No. LA071783 was revoked, defendant stipulated in open court to a violation, and the court reinstated probation on the same terms and conditions.

On April 2, 2013, Regina Vijandre[1] called 911. Los Angeles Police Department officer Michael Wyatte responded to the dispatch call and spoke with Ms. Vijandre. He said she seemed "upset" and told him she had been defendant's girlfriend, they had two children together, and she had a restraining order against him from a prior incident. She also said he had shown up that day, banged repeatedly on the door when she would not let him in, threatened to vandalize her car and was otherwise frightening her.

As a result of the April 2 incident, defendant was charged by information, in case No. LA074506, with one count of violating a court order (contempt of court) in violation of Penal Code section 166, subdivision (c)(4). It was alleged defendant had previously suffered a conviction for violation of a domestic violence protective order within the last seven years involving an act of violence or credible threat of violence. It was also specially alleged defendant had suffered prior prison term convictions within the meaning of section 667.5, subdivision (b), and a prior felony conviction that qualified as a strike under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

As a result of the new charges, defendant's probation was again revoked in case No. LA071783.

Defendant pled not guilty and denied the special allegations in case No. LA074506. Defendant moved to dismiss his prior strike conviction from 1994 pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The court granted the motion due to "the age of the case."

On August 29, 2013, a plea agreement was reached in case No. LA074506. Defendant agreed to withdraw his not guilty plea and plead no contest to violating the domestic violence protective order. The court found a factual basis for the plea and accepted defendant's plea and waivers. The court imposed the high term of three years but suspended execution of sentence and placed defendant on three years of formal

---

[1] According to the parties, and as reflected in the record, Ms. Vijandre also went by the name of Regina Ropati and Regina Carter. We will refer to the victim as Ms. Vijandre.

probation. As before, one of the conditions of defendant's probation was that he obey all orders of the court, and specifically that he obey the domestic violence protective order prohibiting any contact with Ms. Vijandre.

The court underscored its concerns about the stay away order, explaining that defendant was to have no communication or contact with Ms. Vijandre, and was to stay at least 100 yards away from her residence and place of employment. After defendant accepted the terms and conditions of probation on the record, the court asked defendant "what's going to happen if you get close to [Ms. Vijandre] again?" Defendant replied: "Three years state prison."

The probation revocation hearing trailing in case No. LA071783 was resolved at the same time with another order reinstating defendant's probation in that case, for the third time, on the same terms and conditions.

On February 15, 2014, defendant was again arrested. In direct violation of the protective order and the terms of his probation, defendant showed up at the home of Ms.Vijandre and assaulted her. Defendant took Ms. Vijandre's cell phone away so she could not call the police, and also intentionally broke her laptop. Defendant slapped Ms. Vijandre several times across the face. Ms. Vijandre eventually got her phone back and called the police.

In light of the new charges, probation was revoked in both case No. LA074506 and case No. LA071783. On July 2, 2014, the probation revocation hearing was held. Detective Kimberly Rieman of the Los Angeles Police Department testified. She explained she was assigned to the domestic violence unit and was in charge of the case arising from the February 15, 2014 incident at Ms. Vijandre's home. As part of her investigation, she requested copies of the recorded jail calls made by defendant from the date of his arrest on February 15, 2014, through May 9 or May 10, 2014. Detective Rieman stated she had spoken with the victim multiple times, including in person, and recognized Ms. Vijandre's voice on the phone calls defendant made from jail. She also said she recognized defendant's voice on the calls, conceding on cross-examination however that she is not an expert in voice recognition. The prosecution also offered the

4

protective orders regarding Ms. Vijandre, of which the court took judicial notice, and audiotapes of the jail phone calls, plus over 40 pages of transcriptions from those calls.

Defendant did not testify or offer evidence at the hearing. In argument, defendant did not deny the phone conversations were between him and the victim, but rather, that the court should take into consideration that the conversations between him and Ms. Vijandre were like "normal conversations" between people in a relationship, "not threatening conversations."

The court found defendant violated the terms of his probation by calling Ms. Vijandre in violation of the court orders. The court terminated probation in both case No. LA074506 and case No. LA071783. The court executed the suspended three-year prison term in case No. LA074506, and imposed a consecutive eight-month term (one-third the midterm) in case No. LA071783. The court imposed various fines and fees, and awarded defendant custody total credits in both cases, of 574 days.

This appeal followed.

## DISCUSSION

Defendant contends the trial court abused its discretion in revoking his probation in both cases because there is insufficient evidence defendant violated the terms of his probation. We are not persuaded.

"Pursuant to Penal Code section 1203.2, subdivision (a) . . . a court is authorized to revoke probation 'if the interests of justice so require and the court, in its judgment, has reason to believe . . . that the person has violated any of the conditions of his or her probation . . . .' " (*People v. Rodriguez* (1990) 51 Cal.3d 437, 440.) The statutory language has long been construed to vest a trial court with "*broad discretion* in determining whether a probationer has violated probation." (*Id*. at p. 443, italics added.) While a trial court may not act capriciously in revoking probation, the Supreme Court has explained that only in an "extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation." (*People v. Lippner* (1933) 219 Cal. 395, 400.)

5

The court found defendant violated the terms of his probation by calling Ms. Vijandre from jail, following his February 15, 2014 arrest for once again violating the domestic violence protective order by showing up at her home and assaulting her. Detective Rieman testified she obtained records from the jail regarding defendant's phone calls from the date of his arrest through mid-May 2014. The records demonstrate defendant made several calls to Ms. Vijandre in violation of the terms of his probation. Detective Rieman recognized both of their voices, and defendant did not deny at the hearing that the calls were between himself and the victim. The record contains solid evidence of defendant's conduct in contacting Ms. Vijandre multiple times in direct violation of the court's orders and the terms of his probation. Defendant has not shown any abuse of discretion by the court in terminating his probation and imposing sentence.

## DISPOSITION

The July 2, 2014 order of the court terminating probation in case No. LA071783 and case No. LA074506 is affirmed.

GRIMES, J.

WE CONCUR:

RUBIN, Acting P. J.

FLIER, J.

6