Filed 9/26/16  P. v. Hansen CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDRE HANSEN,<br><br>    Defendant and Appellant. | D069887<br><br><br>(Super. Ct. No. SCN327970) |


APPEAL from a judgment of the Superior Court of San Diego County, Harry L. Powazek, Judge.  Affirmed.


Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott C. Taylor, and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Andre Hansen pleaded guilty to one count of arson of a structure or forest. (Pen. Code,[1] § 451, subd. (c).) The trial court suspended the sentence for three years, granted formal probation, and committed Hansen to local custody for 365 days. After finding Hansen violated the terms of his probation, the court revoked his probation and sentenced him to four years in prison. On appeal, Hansen asserts the trial court abused its discretion in imposing a four-year prison term based on his probation violations. Affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

On August 2, 2013, Hansen set several brush fires in Oceanside. He was apprehended nearby with a lighter in his hand, and police found cans of gasoline in his backpack. Hansen pleaded guilty to the arson charge, and the court ordered formal probation.

Hansen served in the Marine Corps from 2004 to 2008. Post discharge, he was diagnosed with post-traumatic stress disorder (PTSD) and bipolar disorder; Hansen received medication and medical treatment from the Veterans Administration (VA). He regularly used marijuana and alcohol prior to his arson arrest.

Specific terms of Hansen's probation included "not knowingly us[ing] or possess[ing] any controlled substance" and submitting to a Fourth Amendment waiver search that included his "computers[] and recordable media . . . at any time with or

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

without a warrant, and with or without reasonable cause." Hansen was also ordered to take his doctor-prescribed psychotropic medications.

While on probation, Hansen's probation officer alleged that he violated the terms of his probation. Hansen presumptively tested positive for marijuana use, and his phone contained messages that appeared to arrange a marijuana purchase. Hansen suggested he was possibly using marijuana medicinally in place of his prescribed medications. Additionally, Hansen refused to give his probation officer his Facebook password. The record includes evidence that Hansen voluntarily elected not to take his medication for his diagnosed psychological disorders and that he resisted giving his probation officer direct access to his doctors and medical information.

Although the court acknowledged Hansen's arguments that he had been failed by the criminal justice system and the VA, the court noted the key issue was whether Hansen had complied with the terms and conditions of his probation. The court found insufficient evidence to establish that Hansen had failed to take his prescribed medications or that he had failed to provide his probation officer with access to his doctors and medical information. However, the court also found that Hansen's marijuana use and failure to provide his Facebook password were violations of his probation and that the gravity of the underlying arson offense justified a four-year prison sentence.

DISCUSSION

Hansen contends the trial court abused its discretion when it revoked his probation and sentenced him to four years in state prison.

3

A. *Governing Law*

"Section 1203.2(a) states that a 'court may revoke . . . probation *if the court, in its judgment, has reason to believe* that the [probationer] has violated any of the conditions of . . . probation . . . or has subsequently committed other offenses . . . .'  (Italics added.) It has long been recognized that the Legislature, through this language, intended to give trial courts very broad discretion in determining whether a probationer has violated probation.  (See, e.g., *People v. Lippner* (1933) 219 Cal. 395, 400 ['. . . only in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation. . . .'].)"  (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443 (*Rodriguez*).)

"Sentencing choices such as the one at issue here, whether to reinstate probation or sentence a defendant to prison, are reviewed for abuse of discretion.  'A denial or a grant of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner.'  [Citation.]  A court abuses its discretion 'whenever the court exceeds the bounds of reason, all of the circumstances being considered.' [Citation.]  We will not interfere with the trial court's exercise of discretion 'when it has considered all facts bearing on the offense and the defendant to be sentenced.' "  (*People v. Downey* (2000) 82 Cal.App.4th 899, 909-910 (*Downey*).)  "[T]he burden of demonstrating an abuse of the trial court's discretion rests squarely on the defendant." (*People v. Urke* (2011) 197 Cal.App.4th 766, 773 (*Urke*).)

4

B. *Analysis*

Hansen argues that his probation violations were minimal in nature and that other more reasonable means existed whereby he could be supervised on probation without posing a threat to society. He specifically contends the finding he was using marijuana was based on insufficient evidence because he drank copious amounts of water before he took the drug test and because the text messages where he appeared to arrange for the purchase of marijuana were inconclusive and, at best, ambiguous. Additionally, he contends his failure to provide his Facebook password to his probation officer was an insignificant Fourth Amendment waiver violation that could have also been handled with a more appropriate response than a prison sentence.

The People contend that the court properly exercised its broad discretion in revoking Hansen's probation and sentencing him to prison. The People further contend that Hansen responded to the court's clemency by using marijuana and resisting his probation officer's request for his Facebook password so she could monitor his social media activity; that he has not provided any authority whereby a court must give a defendant an additional opportunity to abide by the terms of his or her probation; and, most importantly, that the four-year prison sentence was not imposed solely because of Hansen's marijuana use and Fourth Amendment waiver violation but also because of the gravity of the underlying arson offense.

We agree with the People that Hansen was not sentenced to four years in state prison only because he violated the terms of his probation but, rather, because he violated

5

probation in connection with a serious offense. It can hardly be disputed, as Hansen concedes, that lighting brush fires involves "conduct that could have presented a serious danger to persons or property, particularly in drought[-]stricken California." Although Hansen argues the probation violations were minimal, they were nonetheless violations. (See *Rodriguez*, *supra*, 51 Cal.3d at p. 440 [noting the court may revoke probation if there is reason to believe the defendant violated any of the conditions of probation].)

Hansen does not, nor can he, argue that he complied with all the terms and conditions of his probation. The only reason he was on probation was because he pleaded guilty to arson, and the trial court stayed a prison sentence in favor of supervised probation as an act of leniency so that Hansen would have an opportunity to reform his conduct. (See *Urke*, *supra*, 197 Cal.App.4th at p. 773 [noting trial court granted probation so that the defendant could reform conduct with support and supervision of law enforcement and medical professionals].)

The record indicates that the trial court considered all the facts regarding the arson offense, Hansen's conduct while on probation, and how Hansen had been treated by the VA and the criminal justice system when deciding whether to reinstate probation. Based on the record, we conclude the court properly exercised its broad discretion when it found that Hansen violated his probation terms and sentenced him accordingly. (See *Downey*, *supra*, 82 Cal.App.4th at p. 909.)

DISPOSITION

The judgment of conviction is affirmed.

BENKE, Acting P. J.

WE CONCUR:

NARES, J.

O'ROURKE, J.

7