Filed 4/29/22  P. v. Jiron CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>VINCENT ANGELO JIRON,<br><br>    Defendant and Appellant. | C094031<br><br>(Super. Ct. No. P19CRF0498) |

Following three probation violations, the trial court revoked defendant Vincent Angelo Jiron's probation and sentenced him to the midterm of three years.  Defendant appeals the sentence imposed contending the trial court abused its discretion.  Specifically, he claims the trial court misunderstood the law when it determined there was insufficient time left for defendant to complete rehabilitative programming, given the shortened probationary term mandated by Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 328, § 2).  We disagree and affirm.

1

BACKGROUND

As the facts of defendant's convictions and probation violations do not bear on our decision, they are not recounted here in any detail. In relevant part, defendant pleaded no contest to felony assault with force likely to cause great bodily injury and misdemeanor shoplifting. The court suspended imposition of his sentence and placed him on five years of formal probation. One month into probation, the probation department filed a petition for revocation of probation alleging defendant's whereabouts were unknown. Two months later, the probation department filed a second petition alleging defendant was convicted of vandalism and resisting an officer in Sacramento County. Defendant admitted the two probation violations and the court reinstated probation. Later in his first year of probation, defendant failed to report to his probation officer on three occasions and he was no longer living at his reported address.

Following these convictions and probation violations, the probation report recommended defendant serve 180 days in county jail and participate in a behavioral modification program. In rejecting the probation report's recommendation, the court noted that "[d]efendant's performance on probation has been abysmal." The trial court concluded defendant's recent failures to report coupled with his prior crimes and violations while on probation demonstrated that probation would not be beneficial. The court also acknowledged that considering Assembly Bill No. 1950, defendant's five-year probation term would be reduced to two years, thus limiting the effectiveness of a potential 15-month behavioral modification program for a defendant with 13 months remaining on probation. Defendant's probation officer recalled defendant did not want to participate in the behavioral modification program. The probation officer also expressed uncertainty as to how long it would take defendant to complete the program. The court permitted the parties to question the probation officer before proceeding to the statement of reasons, but no questions were asked. Once the court stated its reasoning, it asked

2

whether there was "anything further" from the parties.  Defense counsel did not object to the sentence or statement of reasons, but instead argued that defendant's violations were the result of behavioral misconduct and thus a modification program was the proper remedy.

The court terminated probation and imposed a three-year prison term.

## DISCUSSION

Defendant argues the court abused its discretion because there was not sufficient evidence that defendant could not complete the recommended behavioral modification program within the two years of probation authorized by Assembly Bill No. 1950.  The People answer that the claim is forfeited and, alternatively, the record shows that the court appropriately revoked probation given the seriousness of defendant's offenses and violations in a short timeframe.  Assuming the claim is not forfeited, we address defendant's claim on the merits.

We review sentencing dispositions for abuse of discretion.  (*People v. Downey* (2000) 82 Cal.App.4th 899, 909.)  A court may exercise its discretion to revoke probation if it has reason to believe defendant has violated the terms of probation or committed other offenses.  (Pen. Code, § 1203.2, subd. (a); *People v. Rodriguez* (1990) 51 Cal.3d 437, 443.)  Facts supporting probation revocation may be proven by preponderance of the evidence.  (*Rodriguez*, at p. 442.)  "Only in a very extreme case should an appellate court interfere with the discretion of the trial court" in revoking probation.  (*People v. Lippner* (1933) 219 Cal. 395, 400.)

Generally, a trial court's failure to exercise discretion may constitute an abuse of discretion.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  Indeed, a court unaware of its discretionary powers can no better exercise their informed discretion than one whose sentence is premised on misinformation.  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  At sentencing, the court is required to clearly articulate its reasoning for

3

disposition, which decreases the risk of error and allows the parties to immediately seek clarification or modification. (*People v. Scott* (1994) 9 Cal.4th 331, 351.)

Defendant's argument is predicated on the erroneous assumption that the court denied him probation because there was insufficient time remaining in his term to complete the behavioral modification program within the probationary bounds set by Assembly Bill No. 1950. The evidence is to the contrary. At the outset, defendant's probation officer stated he did not think defendant "wished" to participate in the rehabilitation program. Irrespective of time to complete the program, it is reasonable to infer from the stated lack of interest, that the court thought assigning defendant to the behavioral modification program was futile. In addition to contemplating the remainder of defendant's probationary term and ability to complete the program, the court relied on defendant's poor probationary performance, including multiple probation violations; each of which were committed within the first year of probation. Defendant also stood convicted of vandalism and resisting a peace officer merely three months after beginning probation. Each of these facts show that the court considered the totality of defendant's performance on probation, rather than only his ability to complete the behavioral modification program in Assembly Bill No. 1950's allotted timeframe. There is nothing to demonstrate that the court misunderstood its discretion, failed to provide an adequate statement of reasons, or misapplied the law.

Defendant relies on *People v. Zaring* (1992) 8 Cal.App.4th 362 to do its heavy lifting but the case is distinguishable. In *Zaring*, the defendant arrived 22 minutes late to a court appearance because her babysitter unexpectedly got sick and her ride to court had to take defendant's children to school. (*Id.* at p. 376.) The trial court found that by arriving late the defendant willfully violated a condition of her probation and sentenced her to prison. (*Id.* at p. 367.) The appellate court concluded the trial court abused its discretion, as it was an isolated, untimely appearance and the violation was not willful, but rather the product of "a last minute unforeseen circumstance as well as a parental

4

responsibility common to virtually every family." (*Id.* at p. 379.)  As discussed *ante*, and belying a conclusion that his violations were unavoidable or isolated incidents as in *Zaring*, defendant in this case committed additional *crimes* while on probation. Moreover, defendant violated a term of probation when he failed to report to his probation officer on three separate occasions.  Finally, defendant was no longer living at his reported address and for a period of time his whereabouts were unknown. Defendant's reliance on *Zaring* is misplaced.  The trial court did not abuse its discretion.

### DISPOSITION

The judgment is affirmed.

 

 

 

 

                                                _____

                                                   HULL, J.

 

 

We concur:

 

 

_____

BLEASE, Acting P. J.

 

 

_____

HOCH, J.