Filed 6/30/25  P. v. Leyva CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANGEL ALBERTO LEYVA,<br><br>    Defendant and Appellant. | D084625<br><br><br>(Super. Ct. Nos. SCD297274, SCS326714) |


APPEAL from a judgment of the Superior Court of San Diego County, Peter F. Murray, Judge.  Affirmed.

Joshua Peter Visco, under appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

Angel Alberto Leyva appeals the trial court's decision to revoke his probation and commit him to state prison for three years for a "significant" probation violation.  Leyva claims the trial court (1) abused its discretion by

failing to give "meaningful consideration" to his previous performance on probation and (2) revoked probation in a "reflexive action" in violation of due process. We find this matter appropriately resolved by memorandum opinion (see *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854), and affirm.

I.

In mid-2023, Leyva pled guilty to transportation of a controlled substance (Health & Saf. Code, § 11352, subd. (a)) and, in a separate case, to unlawful driving of a vehicle (Veh. Code, § 10851, subd. (a)). Leyva was placed on formal probation for two years with execution of his three-year prison sentence suspended. One condition of Leyva's probation prohibited him from knowingly possessing any controlled substances without a valid prescription.

In April 2024, while still on probation, Leyva was arrested on multiple drug charges, including possession of a controlled substance for sale. (Health & Saf. Code, § 11375(b).)

The court granted Leyva's motion to suppress the evidence obtained during the April arrest. While there was sufficient evidence of possession of narcotics for sale, the court excluded the narcotics evidence because it was obtained in violation of the Fourth Amendment. As a result, the court dismissed the new charges against Leyva.

Even so, the court considered the illegally seized evidence of narcotics for purposes of revoking probation, as permitted by *People v. Lazlo* (2012) 206 Cal.App.4th 1063, 1070. The court then formally revoked Leyva's probation.

At the sentencing hearing, the court informed counsel it was "not inclined to follow the probation officer's recommendation" to reinstate probation. Defense counsel asked the court to reinstate probation based on

2

Leyva's employment, participation in treatment, family situation, and substantial compliance leading up to his re-arrest. The court found Leyva's possession of narcotics for the purposes of sale was a "significant violation," so it declined to reinstate probation and imposed the previously executed but suspended prison term of three years.

## II.

Leyva contends the trial court abused its discretion in not reinstating probation by focusing on the nature of his probation violation without weighing his probation performance before his re-arrest. He claims the court instead automatically imposed prison time in violation of his due process rights. We disagree.

A court may revoke probation "if the interests of justice so require and the court, in its judgment, has reason to believe" the probationer "has violated any of the conditions of their supervision." (Pen. Code, § 1203.2(a).) Once a probation violation occurs, the trial court has broad discretion in deciding whether to continue or revoke probation. (*People v. Angus* (1980) 114 Cal.App.3d 973, 987-988.) The trial court may consider performance on supervision and the nature of the violation. (Cal. Rules of Court, rule 4.435(a).) The trial court may reinstate probation on the same or modified terms or terminate probation and commit the probationer to prison. (*People v. Pennington* (1989) 213 Cal.App.3d 173, 176.)

We review a trial court's decision to reinstate probation or sentence a defendant to prison for abuse of discretion. (*People v. Downey* (2000) 82 Cal.App.4th 899, 909.) We will not interfere with the trial court's exercise of discretion "when it has considered all facts bearing on the offense and the defendant to be sentenced." (*People v. Vargas* (1975) 53 Cal.App.3d 516, 533.) "[O]nly in a very extreme case should an appellate court interfere with the

discretion of the trial court in the matter of denying or revoking probation." (*People v. Lippner* (1933) 219 Cal. 395, 400.)

Leyva asserts the court did not give "meaningful consideration" to factors specific to his performance on probation, namely that (1) this was his first violation in eight months of probation, (2) he was working full-time and supporting his minor children, (3) he was attending drug counseling and individual therapy, (4) he has a strong support system, and (5) he has not had additional negative law enforcement contact.

Yet the trial court balanced all relevant evidence in deciding to revoke probation. Although Leyva faults the court for "not stat[ing] it had specifically considered and weighed [Leyva's] performance on probation," he cites no authority requiring the court to do so. And to the contrary, we presume a court has considered all relevant evidence unless the record affirmatively suggests otherwise. (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.) Here, the court stated it "read and reviewed" all of Leyva's case files and the probation officer's recommendation. At the sentencing hearing, defense counsel argued for reinstatement based on the same factors it claims the court did not consider. That the court disagreed with defense counsel on the weight of those factors against the gravity of Leyva's probation violation does not render its decision arbitrary or capricious so as to constitute an abuse of discretion. And although Leyva contends the court's analysis "does not fit into the parameters" of California Rules of Court rule 4.410's general sentencing objectives, it arguably satisfies the objectives of punishing Leyva, deterring him and others from criminal conduct by showing its consequences, and preventing Leyva from committing new crimes by isolating him during his incarceration. (Cal. Rules of Court, rule 4.410(a)(2)-(5).)

4

Nor did the court revoke his probation as an "'automatic consequence[ ]'" in violation of his due process rights, as Leyva argues. Leyva focuses on how the court stated it "mean[s] what [it] say[s]" about executed suspended sentences and there is no "free pass" because the new charges were dismissed. Yet the court clarified it meant it in the context of "a significant enough violation" and explained, "so I'm clear, I don't find one dirty [drug] test to be bad—to be sufficient" to impose the previously suspended executed sentence. Leyva acknowledges his "conduct" is "a violation of his probation," but downplays it as "consistent with a drug addict in recovery." After considering all facts of the offense and Leyva's background, the trial court found Leyva's conduct—possession for sale of approximately 240 grams of methamphetamine and roughly 14 grams of fentanyl—a "very significant violation of his probation" and thus revoked probation and imposed prison time. Under these circumstances, Leyva has not established a viable due process claim.

For the first time in his reply brief, Leyva argues his due process rights were violated when the court considered allegations about drug tests referenced in the probation report that were not proven up at the revocation hearing. But the claim is forfeited, as "arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party." (*People v. Tully* (2012) 54 Cal.4th 952, 1075.) In any event, the court's decision to revoke Leyva's probation and impose a prison term relied on his possession of narcotics for the purposes of sale. Indeed, the court did not rely on or even address the missed and positive drug tests alleged in the supplemental probation report except to note it would not revoke probation based only on a positive drug test.

5

In sum, the court did not abuse its discretion in revoking Leyva's probation and imposing the previously executed but suspended prison term.

III.

We affirm.



                                                              CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


RUBIN, J.