Filed 3/17/16; pub. order 4/5/16 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>COREY TIDWELL,<br><br>    Defendant and Appellant. | H042335<br>(Monterey County<br>Super. Ct. Nos. SS091639A,<br>                    SS090930A) |

Defendant Corey Tidwell appeals from an order after judgment in which the trial court denied his application to reduce two felonies to misdemeanors pursuant to Proposition 47. Defendant contends the trial court erred in finding the felonies ineligible for designation as misdemeanors because they had previously been dismissed pursuant to Penal Code section 1203.4.[1] Defendant also contends the trial court's ruling violated defendant's equal protection rights by subjecting those individuals who previously sought relief under section 1203.4 to disparate treatment. The People agree that a dismissal pursuant to section 1203.4 does not preclude relief under Proposition 47 and concede the trial court erred in denying defendant's request to reduce the felonies to misdemeanors.

We agree the concession is appropriate for the reasons expressed herein. We will reverse the denial of defendant's applications for designation of his felony convictions as misdemeanors and remand to the trial court for further proceedings.

---

[1] Unspecified statutory references are to the Penal Code.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March 2009, the Monterey County District Attorney charged defendant in case No. SS090930A with three counts: felony possession of heroin (Health & Saf. Code, § 11350, subd. (a), count 1); misdemeanor possession of a hypodermic needle (Bus. & Prof. Code, § 4140, count 2); and misdemeanor possession of controlled substance paraphernalia (Health & Saf. Code, § 11364, subd. (a), count 3). In June 2009, the Monterey County District Attorney charged defendant in a separate case, case No. SS091639A, with four counts: felony sale or transport of heroin (*id*., § 11352, subd. (a), count 1); felony possession of heroin (*id*., § 11350, subd. (a), count 2); misdemeanor driving under the influence (Veh. Code, § 23152, subd. (a), count 3); and misdemeanor being under the influence of a narcotic (Health & Saf. Code, § 11550, subd. (a), count 4).

The record contains only the minutes of defendant's sentencing report in each case, which reflect an apparent plea bargain. In case No. SS090930A, defendant pleaded guilty to count 1, Health and Safety Code section 11350, subdivision (a) felony possession of a controlled substance. Counts 2 and 3 in case No. SS090930A were dismissed. In case No. SS091639A, defendant pleaded guilty to count 2, Health and Safety Code section 11350, subdivision (a) felony possession of a controlled substance, and to count 3, Vehicle Code section 23152, subdivision (a) driving under the influence. Counts 1 and 4 in case No. SS091639A were dismissed. On October 7, 2009, the trial court suspended imposition of sentence in both cases and placed defendant on concurrent formal probation for three years. A condition of probation in each case was to complete a drug treatment program, which defendant successfully completed.

On July 1, 2011, defendant moved to withdraw his guilty pleas to the felony possession charges (count 1 in case No. SS090930A; count 2 in case No. SS091639A). The trial court granted the motions and entered not guilty pleas as to each, vacated the

2

sentence on those charges, and dismissed them pursuant to section 1203.4.[2] Following the passage of Proposition 47, defendant applied to have the dismissed possession charges designated as misdemeanors pursuant to section 1170.18, subdivision (f). In an order dated March 27, 2015, the trial court denied both applications on the ground that defendant was not entitled to relief under section 1170.18 because his convictions were dismissed on July 1, 2011, pursuant to section 1203.4. Defendant timely appealed the March 27 order.

## II. DISCUSSION

Whether dismissal of a felony count under section 1203.4 precludes the felony from later being designated a misdemeanor under section 1170.18 presents a question of statutory interpretation. Matters of statutory interpretation are questions of law subject to de novo review. (*People v. Simmons* (2012) 210 Cal.App.4th 778, 790.) " 'When construing a statute, a court seeks to determine and give effect to the intent of the enacting legislative body.' [Citation.] ' "We first examine the words themselves because the statutory language is generally the most reliable indicator of legislative intent. [Citation.] The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context." [Citation.] If the plain, commonsense meaning of the statute's words is unambiguous, the plain meaning controls.' " (*People v. King* (2006) 38 Cal.4th 617, 622.)

As relevant here, section 1203.4, subdivision (a) provides that a court shall grant relief under the statute to a defendant who has fulfilled the conditions of probation for the

---

[2] The People note that it appears the trial court may have erred in granting relief under section 1203.4 because such relief is not available to a person who is on probation for any offense. (§ 1203.4, subd. (a)(1).) According to the order in case No. SS091639A, although the trial court dismissed count 2 (felony possession of a controlled substance), the court ordered as to count 3 (misdemeanor driving under the influence): "All previously ordered terms and conditions of probation to remain in effect." The People suggest that the trial court and the parties should address this issue on remand, which will not be limited by the record of this appeal.

3

entire period, or has been discharged.  In either of those two scenarios, the defendant is entitled as a matter of right to the authorized relief.  (*People v. Guillen* (2013) 218 Cal.App.4th 975, 991.)  The specified relief includes, in pertinent part, that the defendant "shall . . . be permitted . . . to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty," and "the court shall thereupon dismiss the accusations or information against the defendant . . . ."  (§ 1203.4, subd. (a)(1).)  With certain exceptions, the effect of the dismissal is that the defendant "shall . . . be released from all penalties and disabilities resulting from the offense of which he or she has been convicted . . . ."  (*Ibid.*)  Section 1203.4 further provides: "However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.  The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office [or] for licensure by any state or local agency . . . ."  (*Ibid.*)

The statutory language plainly limits the effect of the dismissal pursuant to section 1203.4 to the qualifying defendant's release from most penalties and disabilities stemming from the conviction.  "[T]he conviction may be treated as if it were not a conviction for most purposes."  (*People v. Guillen*, *supra*, 218 Cal.App.4th at p. 996.)  But it "does not, strictly speaking, 'expunge' the conviction, nor render the conviction 'a legal nullity.' "  (*Ibid.*, quoting *People v. Frawley* (2000) 82 Cal.App.4th 784, 791.)  As courts have noted, "[t]he limitations on this relief are numerous and substantial, including other statutes declaring that an order under section 1203.4 is ineffectual to avoid specified consequences of a prior conviction."  (*People v. Frawley*, *supra*, at p. 791 [citing statutes, e.g., Veh. Code, § 13555 (revocation or suspension of privilege to drive a

4

motor vehicle); Bus. & Prof. Code, § 490 (suspension or revocation of professional license); *id*., § 6102, subd. (c) (summary disbarment of attorney); *id*., § 2236.1, subd. (d) (suspension of medical license)].)  Noteworthy among the limitations to relief under section 1203.4 is the provision that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved . . . ." (§ 1203.4, subd. (a); *People v*. *Frawley*, *supra*, at pp. 791-792 [describing this limitation as "sweeping"].)  The term "conviction" is not ambiguous in its usage here, as it refers to either the prior plea of guilty or of nolo contendere, or to a verdict of guilty after a plea of not guilty.[3]  (§ 1203.4, subd. (a)(1).)  We thus consider whether the language of Proposition 47 precludes its application to a conviction in which the underlying information has been dismissed under section 1203.4.

Proposition 47, the Safe Neighborhoods and Schools Act, took effect in November 2014.  (*People v*. *Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  It added, among other changes, section 1170.18 to the Penal Code and amended Health and Safety Code section 11350.  (*People v*. *Rivera*, *supra*, at pp. 1091-1092.)  Section 1170.18 provides in pertinent part:  "(f) A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors. [¶] (g) If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."  The amendment to Health and Safety Code section 11350 changed a violation of that section (possession of designated controlled

---

[3] In other contexts, courts have stated that "conviction" or "convicted" denotes a verdict or guilty plea, though there is recognized ambiguity insofar as whether the term also includes the judgement pronounced thereon—an aspect of the definition not at issue here.  (See, e.g., *In re DeLong* (2001) 93 Cal.App.4th 562, 568; *People v*. *Shirley* (1993) 18 Cal.App.4th 40, 46; *People v*. *Milosavljevic* (1997) 56 Cal.App.4th 811, 816.)

substances) to a misdemeanor, "unless the defendant 'has one or more prior convictions' for an offense specified in section 667, subdivision (e)(2)(C)(iv)—which lists serious and violent felonies that are sometimes referred to as ' "super strike" offenses'—or for an offense that requires the defendant to register as a sex offender under section 290, subdivision (c)." (*People v. Rivera*, *supra*, at p. 1092.)

We apply the same basic principles of statutory construction when interpreting a voter initiative like Proposition 47. (*People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1099; *People v. Rizo* (2000) 22 Cal.4th 681, 685.) That is, we look " 'first to the language of the statute, giving the words their ordinary meaning.' " (*People v. Rizo*, *supra*, at p. 685, quoting *People v. Birkett* (1999) 21 Cal.4th 226, 231.) Only if the statutory language is ambiguous do " 'we refer to other indicia of the voters' intent . . . .' " (*People v. Rizo*, *supra*, at p. 685, quoting *People v. Birkett*, *supra*, at p. 243.)

For purposes of its application here, we find no ambiguity in the language of section 1170.18 that allows a person "who has completed his or her sentence *for a conviction*, whether by trial *or plea*, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense," to apply to the trial court in order to have the felony conviction or convictions designated as misdemeanors. (§ 1170.18, subd. (f), italics added.) As the parties recognize, defendant was convicted in 2009 of two felonies according to Health and Safety Code section 11350, subdivision (a), and was sentenced to three years of concurrent formal probation. Those felonies would have been misdemeanors had Proposition 47 been in effect at the time. (See *People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1092; Health & Saf. Code, § 11350, subd. (a), as amended by Stats. 2014, ch. 540 (A.B. 2603), § 1, eff. Jan. 1, 2015.) Having completed his probation, defendant completed his sentence for the felony convictions (that would have been misdemeanors had Proposition 47 been in effect) within the meaning of section 1170.18. That is, we agree with those courts that have concluded that "an order granting probation and

6

suspending imposition of sentence is a form of sentencing." (*In re DeLong*, *supra*, 93 Cal.App.4th at p. 571, citing *People v. Howard* (1997) 16 Cal.4th 1081, 1084, 1092.) In *People v. Shabazz* (2015) 237 Cal.App.4th 303, the court noted that "[s]ection 1170.18 identifies two ways a defendant sentenced *or placed on probation* prior to Proposition 47's effective date can have his or her sentence for an enumerated felony reduced to a misdemeanor." (*Id.* at p. 310, italics added.)

We therefore conclude that on the record of defendant's conviction and completion of sentencing, the trial court should have granted his applications for designation of the Health and Safety Code section 11350, subdivision (a) felonies as misdemeanors. (§ 1170.18, subd. (g).) Nothing in the language of section 1170.18 alters this conclusion in light of defendant having obtained a dismissal of those convictions under section 1203.4. As noted above, the statutory dismissal that defendant obtained did not expunge his record or cancel the potential for continuing or future consequences of those convictions. (*People v. Guillen*, *supra*, 218 Cal.App.4th at p. 996.) The text of Proposition 47, as enacted by the voters, provides that "[t]his act shall be liberally construed to effectuate its purposes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 18, p. 74.) Among its stated purposes is "to ensure that prison spending is focused on violent and serious offenses [and] to maximize alternatives for nonserious, nonviolent crime . . . ." (*Id.*, § 2, p. 70.) To foreclose defendant's eligibility based on the section 1203.4 dismissal would contravene this intent, where defendant has met the criteria under section 1170.18 according to the terms of the statute.

Nor does the intent behind a grant of relief under section 1203.4 undermine or conflict with the later application of section 1170.18. The decision in *Meyer v. Superior Court* (1966) 247 Cal.App.2d 133 supports this conclusion by analogy. In that case, the trial court denied the petitioner's application under section 17 to declare the offense for which the petitioner was convicted to be a misdemeanor. (*Meyer v. Superior Court*, *supra*, at p. 134.) One issue on appeal was whether the petitioner was barred in his

7

application because his record was "expunged" under section 1203.4. (*Meyer v. Superior Court*, *supra*, at pp. 139-140.) The appellate court reasoned that "expungement of the record under section 1203.4 is . . . a reward for good conduct and has never been treated as obliterating the fact that the defendant has been convicted of a felony." (*Id.* at p. 140.) Because "a conviction which has been expunged still exists for limited purposes, including, among others, evidentiary use at a later trial [citation] and the denial of the right to carry a concealable weapon [citation] . . . petitioner should not be barred from pursuing a more suitable remedy . . . ." (*Ibid.*) That same reasoning applies here. The trial court did not find that defendant was convicted of a category of violent and serious offenses of the sort that precludes eligibility for Proposition 47 relief, or that his application was otherwise defective. The dismissal of his felonies pursuant to section 1203.4 operated to " 'mitigat[e] some of the consequences of his conviction and, with a few exceptions, to restore him to his former status in society . . . .' " but did not erase the convictions. (*People v. Field* (1995) 31 Cal.App.4th 1778, 1787, quoting *Selby v. Department of Motor Vehicles* (1980) 110 Cal.App.3d 470, 473.) As such, it was error for the trial court to deny defendant's applications pursuant to section 1170.18 on the ground that he already had obtained dismissals pursuant to section 1203.4. Having so concluded, we need not address defendant's secondary argument under the Equal Protection Clause.

## III. DISPOSITION

The order denying the applications to have defendant's felony convictions designated as misdemeanors is reversed. The matter is remanded for consideration of defendant's applications under Penal Code section 1170.18 consistent with this opinion.

8

                                                          _____
                                                                        Premo, J.

WE CONCUR:


_____
            Rushing, P.J.


_____
            Márquez, J.


People v. Tidwell
H042335

Filed 4/5/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>COREY TIDWELL,<br><br>    Defendant and Appellant. | H042335<br>(Monterey County<br> Super. Ct. Nos. SS091639A,<br>                SS090930A) |

BY THE COURT:

The opinion which was filed on March 17, 2016, is certified for publication.

_____
Premo, J.

_____
Rushing, P.J.

_____
Márquez, J.

The written opinion which was filed on March 17, 2016, has now been certified for publication pursuant to rule 8.1105(b) of the California Rules of Court, and it is therefore ordered that the opinion be published in the official reports.

Dated: _____     _____

Rushing, P.J.

| | |
|---|---|
| Trial Court: | Monterey County Superior Court<br><br>Superior Court Nos. SS091639A<br><br>             SS090930A |
| Trial Judge: | Hon. Carrie M. Panetta |
| Counsel for Plaintiff/Respondent:<br><br>The People | Kamala D. Harris<br>Attorney General<br><br>Gerald A. Engler<br>Chief Assistant Attorney General<br><br>Jeffrey M. Laurence<br>Senior Assistant Deputy Attorney General<br><br>Donna M. Provenzano<br>Supervising Deputy Attorney General<br><br>Arthur P. Beever<br>Deputy Attorney General |
| Counsel for Defendant/Appellant:<br><br>Corey Tidwell | Under appointment by the Court of Appeal<br>Rachel Sue Sussman |

People v. Tidwell

H042335