Filed 5/16/16  P. v. Manson CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>BRYAN MANSON,<br><br>     Defendant and Appellant. | B266972<br><br>(Los Angeles County<br>Super. Ct. Nos. BA268009 &<br>BA239864) |

          APPEAL from postjudgment orders of the Superior Court of Los Angeles County, David M. Horwitz, Judge.  Reversed and remanded.

          CT Turney and Pavithra Menon for Defendant and Appellant.

          Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assitant Attorney General, Lance E. Winters, Senior Assitant Attorney General, Noah P. Hill and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Bryan Manson suffered felony convictions in 2002 and 2004 for violating Health and Safety Code section 11350, subdivision (a), possession of a controlled substance (Los Angeles Superior Court case nos. BA239864 & BA268009). Both convictions were subsequently dismissed pursuant to Penal Code section 1203.4.[1] On May 19, 2015 Manson applied pursuant to section 1170.18, subdivision (f), to reclassify the two felony convictions as misdemeanors. The superior court denied the applications, ruling it lacked jurisdiction because the cases had previously been dismissed. Manson argues the trial court erred in concluding dismissal of a felony count under section 1203.4 precludes that felony from later being reclassified a misdemeanor under section 1170.18, subdivision (f), and the Attorney General concedes "appellant appears to be correct." We agree, reverse the orders denying the applications and remand for the superior court to consider the applications on their merits.

**DISCUSSION**

1. *Reclassification of Felony Convictions as Misdemeanors Under Proposition 47*

Proposition 47, the Safe Neighborhoods and Schools Act, effective November 5, 2014, requires a misdemeanor sentence instead of a felony sentence for certain drug possession offenses; requires a misdemeanor sentence instead of a felony sentence for the crimes of petty theft, receiving stolen property and forging/writing bad checks when the amount involved is $950 or less; and allows a felony sentence (excluding a defendant from a misdemeanor sentence) for the specified crimes if a defendant has a prior conviction listed under section 667, subdivision (e)(2)(C)(iv), or a prior conviction for an offense requiring sex offender registration under section 290. (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 308 & fn. 2; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) As amended by Proposition 47, Health and Safety Code section 11350 now provides that a violation of that section is a misdemeanor unless the defendant has one or more prior convictions for an offense specified in section 667, subdivision (e)(2)(C)(iv) —which lists serious and violent felonies that are sometimes referred to as "'super strike

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

offenses'"—or for an offense that requires the defendant to register as a sex offender under section 290, subdivision (c). (*Rivera*, at p. 1092.)

Proposition 47 also created a new resentencing/reclassification provision. Under section 1170.18 a person "currently serving" a felony sentence for an offense that is now a misdemeanor under Proposition 47 may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) Before resentencing an otherwise eligible petitioner, however, the court must determine whether resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b).) The petitioner is subject to a new, one-year parole term unless the court releases the petitioner from parole as part of its resentencing order. (§ 1170.18, subd. (d).)

Section 1170.18 also provides that "[a] person who has completed his or her sentence for a conviction" that would now be a misdemeanor under Proposition 47 may file an application with the trial court to have the felony conviction or convictions "designated as misdemeanors." (§ 1170.18, subd. (f).) Section 1170.18, subdivision (k), provides that "[a]ny felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under [§§ 29800 to 29875, which contain prohibitions on firearm access by persons with certain criminal convictions]."

2. *Dismissals Under Section 1203.4*

Section 1203.4, subdivision (a)(1), provides that a defendant placed on probation who fulfills the conditions of probation for the entire period may withdraw his or her guilty plea or plea of no contest and enter a not guilty plea, or, if convicted following a trial, the court must set aside the guilty verdict, and "the court shall thereupon dismiss the accusations or information against the defendant . . . ." With certain exceptions the effect of the dismissal is that the defendant "shall . . . be released from all penalties and

disabilities resulting from the offense of which he or she has been convicted . . . ." (§ 1203.4, subd. (a)(1).) "However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." (*Ibid*.) In addition, dismissal pursuant to this section "does not permit a person to own, possess, or have in his custody or control any firearm" or prevent his conviction under provisions of the Penal Code prohibiting firearm access by individuals convicted of specified offenses. (§ 1203.4, subd. (a)(2).)

Although a dismissal pursuant to section 1203.4 restores certain rights and removes certain disabilities, this statutory language plainly limits the effect of the dismissal. "[T]he conviction may be treated as if it were not a conviction for most purposes" (*People v. Guillen* (2013) 218 Cal.App.4th 975, 996), but it "does not, strictly speaking, 'expunge' the conviction, nor render the conviction 'a legal nullity.'" (*Ibid*.; accord, *People v. Frawley* (2000) 82 Cal.App.4th 784, 791.) As courts have observed, "[t]he limitations on this relief are numerous and substantial, including other statutes declaring that an order under section 1203.4 is ineffectual to avoid specified consequences of a prior conviction." (*Frawley*, at p. 791 [citing statutes including Veh. Code, § 13555 (revocation or suspension of privilege to drive a motor vehicle); Bus. & Prof. Code, § 490 (suspension or revocation of professional license)]; see *People v. Vasquez* (2001) 25 Cal.4th 1225, 1230 ["California decisions have established that the 'penalties and disabilities' resulting from conviction, from which a probationer may be released pursuant to Penal Code section 1203.4, do not include nonpenal restrictions or qualifications imposed for public protection"].) Perhaps most significantly, as just discussed, section 1203.4 provides "'in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved . . . .'" (See *Frawley*, at pp. 791-792 [describing this limitation as "sweeping"].)

3. *The Trial Court Retains Jurisdiction To Reclassify a Felony Conviction That Has Been Dismissed Under Section 1203.4*

Our colleagues in the Sixth District recently considered the precise issue presented by Manson's appeal and concluded the trial court retains jurisdiction to reclassify a felony conviction that has been dismissed under section 1203.4. (*People v. Tidwell* (2016) 246 Cal.App.4th 212.) We fully agree with their analysis and conclusion.

Under the plain meaning of section 1170.18, subdivision (f), Manson was entitled to apply for Proposition 47 relief: He was convicted in 2002 and 2004 of felony violations of Health and Safety Code section 11350, subdivision (a). Those felonies would have been misdemeanors had Proposition 47 been in effect at the time of the offenses. Having fulfilled the conditions of probation for the prescribed term, Manson has completed his sentence for those convictions within the meaning of section 1170.18, subdivision (f). (*People v. Tidwell*, *supra*, 246 Cal.App.4th at p. 218; see *People v. Elliot* (2005) 37 Cal.4th 453, 478 ["'In interpreting a voter initiative, we apply the same principles that govern our construction of a statute. [Citation.] We turn first to the statutory language, giving the words their ordinary meaning. [Citation.] If the statutory language is not ambiguous, then the plain meaning of the language governs.'"]; *People v. King* (2006) 38 Cal.4th 617, 622 ["'[i]f the plain, commonsense meaning of the statute's words is unambiguous, the plain meaning controls'"].)[2]

---

[2]  Because probation has been described in other contexts as "not a sentence even if it includes a term in the county jail as a condition" (see, e.g., *People v. Daniels* (2003) 106 Cal.App.4th 736, 742), there is some question whether a probationer can petition for relief under section 1170.18, subdivision (a), or must wait until he or she has completed probation to seek reclassification under section 1170.18, subdivision (f). (See Couzens & Bigelow, Proposition 47, "The Safe Neighborhoods and Schools Act" (Feb. 2016) Persons Who May Petition For Relief, § IV.A.4, at p. 35.) However that question may be resolved, there is nothing in Proposition 47 to suggest an individual such as Manson who has been convicted of a felony and completed his term of probation is not entitled to seek reclassification of that conviction as a misdemeanor. (*Id*. at p. 36; see *People v. Davis* (2016) 246 Cal.App.4th 127 [rejecting argument defendant on probation is entitled to an unconditional reduction of his felony conviction without petitioning for relief under

Moreover, nothing in the language of section 1170.18 indicates an otherwise eligible individual who has obtained a dismissal of his or her felony conviction under section 1203.4 is precluded from seeking reclassification of that conviction, which, as discussed, continues to carry potentially serious adverse consequences. Indeed, Proposition 47 itself cautions against such a cramped interpretation of its text: "This Act shall be liberally construed to effectuate its purposes." (Proposition 47, § 18, Couzens & Bigelow, Proposition 47, "The Safe Neighborhoods and Schools Act" (Feb. 2016) Appendix I: Text of Proposition 47, at p. 116.) One of those purposes is "maximize alternatives for nonserious, nonviolent crime." (Proposition 47, § 2, Couzens & Bigelow, at p. 102.) To preclude relief under section 1170.18, subdivision (f), for an eligible individual who has successfully completed probation and obtained a section 1203.4 dismissal would frustrate that intent. (See *People v. Tidwell*, *supra*, 246 Cal.App.4th at p. 219.)

As the *Tidwell* court explained, case law considering a closely analogous situation strongly supports this conclusion. In *Meyer v. Superior Court* (1966) 247 Cal.App.2d 133 the trial court had denied an application pursuant to section 17, subdivision (b)(3), to declare a felony conviction for writing checks drawn on insufficient funds (§ 476a) a misdemeanor, ruling it lacked the power to do so. (*Meyer*, at p. 136.) The *Meyer* court ordered a peremptory writ of mandate requiring the superior court to hear the motion on its merits, concluding dismissal of charges under section 1203.4 did not preclude relief under section 17: "The expungement of the record under section 1203.4 is also a reward for good conduct and has never been treated as obliterating the fact that the defendant has been convicted of a felony. . . . [¶] Therefore, a conviction which has been expunged still exists for limited purposes, including, among others, evidentiary use at a later trial [citation] and the denial of the right to carry a concealable weapon [citation]. Consequently, petitioner should not be barred from pursuing a more suitable remedy,

_____

section 1170.18; "persons on probation for a felony conviction are 'currently serving a sentence' for purposes of Proposition 47"].)

6

particularly where the final decision as to whether he is worthy rests within the sound discretion of the superior court." (*Id.* at p. 140.)[3]

The reasoning of the *Meyer* court applies with equal force here. Just as a court retains jurisdiction following a section 1203.4 dismissal to reduce a probationer's felony conviction to a misdemeanor pursuant to section 17, subdivision (b)(3), it similarly retains jurisdiction to grant relief, if otherwise warranted, under section 1170.18, subdivision (f).

## DISPOSITION

The postjudgment orders denying Manson's applications to reclassify his prior felony convictions for possession of a controlled substance as misdemeanors are reversed and the cause remanded for the superior court to consider the applications on their merits.


PERLUSS, P. J.


We concur:



ZELON, J.



BLUMENFELD, J.[*]

---

3       When the superior court indicated it had no jurisdiction and intended to deny Manson's applications, his counsel asked for a continuance to permit supplemental briefing on the issue and specifically noted that *Meyer v. Superior Court*, *supra*, 247 Cal.App.2d 133 appeared to support his argument that the matter was properly before the court. The request was denied.

*       Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7