Filed 7/18/16  P. v. Campbell CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H043155 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. CR11367) |
| v. | |
| MARCIELA BENAVIDES CAMPBELL, | |
| Defendant and Appellant. | |

In 1985, defendant Marciela Benavides Campbell pleaded guilty to petty theft with prior theft convictions, a felony.  (Pen. Code, § 666/484.)[1]  She was placed on probation for three years.  In 1989, the trial court granted defendant's petition for dismissal of the offense pursuant to section 1203.4.

In 2015, following the passage of Proposition 47, defendant applied to have her conviction designated as a misdemeanor pursuant to section 1170.18, subdivision (f).  The trial court found it could not redesignate a conviction that had previously been dismissed and denied defendant's application.  Defendant timely filed a notice of appeal from that order.

On appeal, defendant contends and the Attorney General concedes that the trial court erred by denying her petition based on the section 1203.4 dismissal and thereby

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

"unfairly precluded [defendant] from exercising her right to have her misdemeanor conviction reduced under Proposition 47."  Defendant also contends that equal protection mandates her conviction be designated as a misdemeanor because there is no rational basis for treating her differently from individuals with non-expunged and eligible convictions.

Recently, in *People v. Tidwell* (2016) 246 Cal.App.4th 212 (*Tidwell*), this court held that dismissal of a felony conviction pursuant to section 1203.4 does not preclude a trial court from granting an application pursuant to section 1170.18, subdivision (f). (*Tidwell, supra,* at pp. 216, 220.)  In *Tidwell*, this court noted that there are a number of limitations on the effect of a dismissal pursuant to section 1203.4.  (*Tidwell, supra,* at p. 217.)  For instance, section 1203.4, subdivision (a)(1) provides that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved . . . ."  (See *Tidwell, supra,* at p. 217.)  This court further noted that there was "no ambiguity in the language of section 1170.18 that allows a person 'who has completed his or her sentence *for a conviction,* whether by trial *or plea,* of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense,' to apply to the trial court in order to have the felony conviction or convictions designated as misdemeanors.  (§ 1170.18, subd. (f), italics added.)"  (*Id.* at p. 218.)  This court found "[n]othing in the language of section 1170.18" to support a conclusion that a dismissal under section 1203.4 would preclude a court from redesignating a felony conviction, particularly since dismissal of a conviction under section 1203.4 does not eliminate the potential for "continuing or future consequences" of such a conviction.  (*Tidwell, supra,* at p. 219.)

Since the trial court erred by denying defendant's application for redesignation of her felony conviction based on the section 1203.4 dismissal, we will remand the matter so the trial court can determine the merits of the petition.  We need not address defendant's equal protection argument.

## DISPOSITION

The December 2, 2015 order denying defendant's application to have her felony conviction designated as a misdemeanor pursuant to Penal Code section 1170.18 is reversed, and the matter is remanded for consideration of the merits of the application.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
MIHARA, J.