Filed 8/22/16  P. v. Cebreros CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H043131 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. CR13817) |
| v. | |
| JOSE GUADALUPE CEBREROS, | |
| Defendant and Appellant. | |

Defendant Jose Guadalupe Cebreros challenges the superior court's denial of his Penal Code section 1170.18 petition.[1]  His petition sought to redesignate his 1988 possession of cocaine (Health & Saf. Code, § 11350) conviction as a misdemeanor.  The court denied his petition on the ground that the 1988 conviction was ineligible for redesignation under section 1170.18 because defendant had already obtained relief as to the 1988 conviction under section 1203.4.  Section 1203.4 permits a trial court to grant relief from some, but not all, of the consequences of a conviction where a defendant has successfully completed probation.  The Attorney General concedes that the basis for the superior court's denial of defendant's petition was incorrect.  We agree and reverse the order.

---

[1]     Subsequent statutory references are to the Penal Code unless otherwise specified.

## I. Background

In 1988, defendant was charged by information with felony possession of cocaine for sale (Health & Saf. Code, § 11352). He subsequently pleaded guilty to felony possession of cocaine and was granted probation. In 1998, defendant sought relief under section 1203.4. The court granted him relief under section 1203.4.

In August 2015, defendant filed a petition under section 1170.18 for redesignation of his 1988 conviction as a misdemeanor. The prosecution opposed his petition and contended that the court lacked "jurisdiction" because defendant had already been granted relief under section 1203.4. The court denied defendant's petition on the ground that "[t]he offense is not eligible for the requested relief" because "[t]his conviction has already been dismissed." Defendant timely filed a notice of appeal from the court's order.

## II. Analysis

This court held in *People v. Tidwell* (2016) 246 Cal.App.4th 212 (*Tidwell*) that the fact that a defendant has been granted relief from some of the consequences of a felony conviction under section 1203.4 does not mean that the conviction is ineligible for redesignation as a misdemeanor under section 1170.18. (*Tidwell*, at pp. 218-220.) We agree and therefore accept the Attorney General's concession.

## III. Disposition

The order denying the petition is reversed, and the matter is remanded to the superior court for consideration of the merits of defendant's petition.

_____

Mihara, J.

WE CONCUR:


_____

Elia, Acting P. J.



_____

Bamattre-Manoukian, J.

3