FILED
United States Court of Appeals
Tenth Circuit

January 14, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MALCOM DEROME MCGEE,

    Defendant - Appellant.

No. 18-5019
(D.C. Nos. 4:15-CV-00667-CVE-JFJ &
4:00-CR-00105-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Malcolm Derome McGee appeals the denial of his 28 U.S.C. § 2255 motion, in

which he challenged his life sentence for drug trafficking imposed under 21 U.S.C. § 841.

McGee received the life sentence because at the time of his offense he had two prior final

California felony drug convictions. *See id.* § 841(b)(1)(A) (increasing punishment to

mandatory life imprisonment if the defendant committed a violation involving a threshold

amount of drugs "after two or more prior convictions for a felony drug offense have

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

become final"). The state of California later adopted Proposition 47, allowing its courts to reclassify certain felony drug convictions as misdemeanors. *See* Cal. Penal Code § 1170.18. A California court entered a *nunc pro tunc* judgment reducing one of McGee's prior drug convictions from a felony to a misdemeanor. McGee then filed his § 2255 motion, arguing that he no longer had two prior felony drug convictions and was entitled to resentencing on the § 841 count.

The district court determined, however, that McGee still qualified for the life sentence as a matter of federal law because both his prior felony drug convictions had been final and applicable at the time he was sentenced under § 841. It therefore denied his motion. We granted McGee a COA to address the following issue:

> Since one of the predicate state felony drug convictions used to enhance Mr. McGee's sentence to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) has been retroactively changed to a misdemeanor offense, does Mr. McGee's life sentence now violate the Due Process Clause or the Eighth Amendment, in light of *United States v. Johnson*, 544 U.S. 295 (2005), and related cases?

## BACKGROUND

In 2000, a federal jury convicted McGee of conspiring to possess phencyclidine (PCP) in violation of 21 U.S.C. § 846; causing another person to unlawfully possess with intent to distribute PCP in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iv) and 18 U.S.C. § 2(b); and using a communication facility to facilitate the commission of a felony in violation of 21 U.S.C. § 843(b). Prior to trial, the government filed an information stating McGee had been convicted in Los Angeles County Superior Court of Possession of Cocaine on November 7, 1987, and Possession of Cocaine Base with Intent

to Sell/Deliver on June 14, 1988. Because McGee had two prior California felony drug convictions, the federal district court sentenced him to life imprisonment on the § 841 count.[1]

In November 2014, California voters passed Proposition 47, also known as the Safe Neighborhoods and Schools Act. Proposition 47 reduced certain drug possession offenses from a felony to a misdemeanor. It also provided a procedure for those previously convicted of a felony drug offense to petition the state court to re-designate their felony drug conviction as a misdemeanor. The new law provides that a felony conviction re-designated as a misdemeanor "shall be considered as a misdemeanor for all purposes," except for the right to possess firearms. Cal. Penal Code § 1170.18(k).

On March 12, 2015, acting on McGee's petition, the Superior Court of California in Los Angeles retroactively re-designated his 1987 felony drug conviction as a misdemeanor. It also retroactively amended his original 1987 criminal complaint to allege a misdemeanor offense.

McGee then filed this § 2255 motion.[2] The district court reasoned that federal law governed the nature and effect of McGee's prior California conviction as a "felony drug

---

[1] The federal district court granted his motion to arrest judgment on the conspiracy count. On the § 843(b) count it sentenced him to a term of fifty-six years to be served concurrently with his life sentence. After we reversed the judgment on the § 843(b) count on direct appeal and remanded for resentencing, *see United States v. McGee*, 291 F.3d 1224, 1227 (10th Cir. 2002), he was resentenced to life imprisonment on the § 841 count and a concurrent term of 96 months on the § 843(b) count.

[2] McGee filed a previous § 2255 motion, which the district court denied. We denied him a COA to appeal from that denial. *United States v. McGee*, 245 F. App'x

3

offense." Under federal law, he "had two felony convictions for felony drug offenses when he was sentenced, and the subsequent reduction of one of those felony convictions to a misdemeanor due to a change in state law has no effect on his federal sentence." Aplt. App. at 143. It therefore denied the § 2255 motion.

## ANALYSIS

### 1. COA Issue

The government argues McGee was not entitled to a COA because his § 2255 motion did not present any constitutional claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *United States v. Mulay*, 805 F.3d 1263, 1265 (10th Cir. 2015) ("[W]e may not entertain appeals from the denial of § 2255 motions that lack an underlying constitutional claim."). In his pro se § 2255 motion and associated briefing, McGee presented only a *statutory* claim: whether his conviction and sentence continued to satisfy the requirements for a life sentence under § 841. But before the district court ruled on his motion, counsel entered an appearance for McGee and filed a supplemental reply brief. In that brief, counsel argued that "[c]ontinuing to apply the

_____

857, 860 (10th Cir. 2007). He then filed two subsequent § 2255 motions, which the district court dismissed for lack of jurisdiction as second or successive. His current motion is not second or successive, however, because his claim was not ripe when he filed his initial § 2255 motion. *See In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013) (per curiam) ("[I]f . . . the state court did not vacate [a movant's] convictions until after his first § 2255 proceedings were concluded, [and] the basis for his proposed § 2255 claim did not exist when those proceedings were ongoing, his claim to reopen his federal sentence based on the state court's vacatur is not 'second or successive' and does not require our prior authorization.").

4

enhancement to Mr. McGee when he lacks the predicate convictions violates federal law and the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments." Aplt. App. at 114. That argument sufficiently preserved McGee's due process claim.

Since we granted a COA, however, we have determined that neither McGee nor his counsel raised an Eighth Amendment claim in district court. That claim was waived. *See Stouffer v. Trammell*, 738 F.3d 1205, 1221 n.13 (10th Cir. 2013) ("We do not generally consider issues that were not raised before the district court as part of the habeas petition."). We therefore vacate the previously issued COA concerning the Eighth Amendment claim and dismiss that claim. *See United States v. Wetzel-Sanders*, 805 F.3d 1266, 1267 (10th Cir. 2015) (dismissing appeal as COA was improvidently granted); *Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002) (dismissing specific claims for which COA was improvidently granted).

## 2. Due Process Claim

"In a § 2255 appeal, we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Lewis*, 904 F.3d 867, 870 (10th Cir. 2018) (internal quotation marks omitted). McGee must show that because his prior California conviction was retroactively modified from a felony to a misdemeanor, his federal life sentence violates the Due Process Clause. He relies on *Johnson v. United States*, 544 U.S. 295 (2005).

In *Johnson*, the petitioner obtained an order from a Georgia state court vacating the predicate convictions that were used to qualify him as a career offender under the

5

Federal Sentencing Guidelines.  *See id.* at 298-301.  The Supreme Court concluded that his subsequent § 2255 motion was untimely.  *See id.* at 311.  But the Court acknowledged that "[o]ur cases . . . assume . . . that a defendant given a sentence enhanced for a prior conviction *is entitled to a reduction if the earlier conviction is vacated.*"  *Id.* at 303 (emphasis added).

*Johnson* cited prior cases acknowledging a right to resentencing after a predicate offense has been successfully attacked, vacated, or set aside.  *See id.* (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001) (although movants generally cannot use § 2255 proceedings to bring a collateral attack on prior convictions, they may use state or federal habeas proceedings to set aside the underlying conviction and, if successful, "may then apply for reopening of [the] federal sentence"); *Custis v. United States*, 511 U.S. 485, 497 (1994) (same)).  *Johnson* makes it clear that the right has a substantive component: resentencing should take place free of the vacated predicate conviction or convictions.  *See Johnson*, 544 U.S. at 303.

The *Johnson* scenario arises where a defendant never qualified for an enhanced sentence to begin with because his underlying predicate conviction was invalid or unconstitutional.  Due process concerns may also arise where a predicate conviction, though valid, did not qualify for enhancement purposes.  *See, e.g.*, *United States v. Shipp*, 589 F.3d 1084, 1087-90 (10th Cir. 2009); *cf. United States v. Snyder*, 871 F.3d 1122, 1128-30 (10th Cir. 2017) (recognizing resentencing claim but rejecting it on the merits), *cert. denied*, 138 S. Ct. 1696 (2018).

6

But McGee's California conviction fits in neither category. It was not vacated. Nor has he shown that it did not qualify as a predicate offense at the time of sentencing. Instead, it was only later modified, as an act of legislative grace, from a felony to a misdemeanor.

The Supreme Court has left open the question of when a federal sentence based on a valid and qualifying predicate state conviction, which has been modified so that the predicate no longer qualifies for enhancement, might violate due process. *See McNeill v. United States*, 563 U.S. 816, 825 n.1 (2011) (declining to address the effect on federal sentencing when "a State subsequently lowers the maximum penalty applicable to an offense and makes that reduction available to defendants previously convicted and sentenced for that offense"). Even so, circuit precedent applying § 841 has made a significant distinction between convictions that have been vacated or successfully attacked and convictions, like McGee's, that have merely been excused as a matter of legislative grace. Only enhancement based on the former raises due process concerns.[3]

## A. *United States v. Dyke*

In *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013), the federal district court imposed a 20-year mandatory minimum sentence under § 841(b)(1)(A), relying on the defendant's prior Kansas felony drug conviction. *See id.* at 1292. The defendant argued

---

[3]  Of course, if the distinction we have drawn between vacated and excused convictions under § 841 were arbitrary, that might also pose a due process problem. *See Chapman v. United States*, 500 U.S. 453, 465 (1991) (recognizing due process concern where a penalty is "based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment"). But for the reasons stated in *Dyke* and other cases, we conclude the distinction is part of a rational sentencing scheme.

he should not have received the enhanced sentence because his Kansas conviction had been expunged as a matter of state law prior to his federal sentencing. But we upheld his sentence, reasoning that he had committed a second, federal drug offense "after a conviction" for a prior state one, and the expunction did not "alter the historical fact of the conviction." *Id.* (internal quotation marks omitted). Noting that federal law, not state law, normally dictates the meaning of a federal statute, we concluded the plain language of § 841 requires only a former *conviction* prior to the commission of the federal offense. *Id.* Had Congress intended for expunged convictions to be disregarded, it could have explicitly said so in § 841, as it had in other statutes. *See id.* at 1292-93. Finally, we reasoned that the purpose of expungement is to give the defendant a new start, but by committing a subsequent offense, the defendant had rejected that opportunity. *See id.* at 1293.

The *Dyke* court further opined that "[t]he question posed by § 841(b)(1)(A) is whether the defendant was previously convicted, not the particulars of how state law later might have, as a matter of grace, permitted that conviction to be excused, satisfied, or otherwise set aside." *Id.* Admittedly, convictions "vacated or reversed due to the defendant's innocence or an error of law" might not qualify as convictions at all for enhancement purposes. *Id.*[4] But that was not the case with the defendant's expunged conviction. *See id.* Nor is it McGee's case.

---

[4] McGee argues that the Supreme Court cases require him to show only that he successfully "attacked" his prior convictions to obtain resentencing, not that the convictions were vacated. Reply Br. at 12. But he fails to show that an "attack" that

McGee committed his federal drug offense at a time when he had "two or more prior convictions for a felony drug offense [that had] become final," 21 U.S.C. § 841(b)(1)(A).[5] Later state-law relief that modified one of these final convictions did not change that historical fact. But McGee characterizes the Proposition 47 relief he received as analogous to vacating his conviction, arguing that the retroactive relief he received means he should be resentenced as if he had no 1987 California felony drug conviction. To support his argument, he cites California cases suggesting that Proposition 47 relief operates more broadly than expungement. *See, e.g.*, *People v. Tidwell*, 200 Cal. Rptr. 3d 567 (Cal. Ct. App. 2016).

In *Tidwell*, the California Court of Appeals held that a defendant whose conviction had been expunged after he successfully completed a probationary period remained eligible for Proposition 47 relief, which had the effect of "eras[ing] the conviction[]" and "obliterating the fact that the defendant has been convicted of a felony." *Id.* at 573 (internal quotation marks omitted). But *Tidwell* does not undermine the applicability of *Dyke* to McGee's case, for several reasons. First, "even if California decided to give Proposition 47 retroactive effect for purposes of its own *state* law, that would not retroactively make [McGee's] felony conviction a misdemeanor for purposes of *federal* law." *United States v. Diaz*, 838 F.3d 968, 975 (9th Cir. 2016). Second, *Tidwell* was not

---

successfully invokes the application of legislative grace, rather than vacating a conviction for invalidity, requires federal resentencing.

[5] Given McGee's circumstances, we need not resolve the effect of a re-classification of a felony drug conviction under Proposition 47 that occurred *before* the defendant committed his § 841 offense.

concerned with retrospectively undoing the collateral consequences of a felony conviction in a separate federal proceeding. The California law codifying Proposition 47 provides that "[r]esentencing pursuant to this section does not diminish or abrogate the finality of judgments in any case that does not come within the purview of this section." Cal. Penal Code § 1170.18(n). Finally, *Tidwell* does not erase the distinction we have made, for federal sentencing purposes, between a conviction that has been vacated because of a constitutional error or actual innocence and a conviction that has merely been reclassified as a matter of legislative grace. Even if the defendant in *Tidwell* received a double dose of legislative grace—through both probationary expungement and Proposition 47—that does not signify that his conviction was vacated under circumstances that would foreclose the § 841 enhancement.

## B. *United States v. Diaz*

Building on our reasoning in *Dyke*, the Ninth Circuit specifically concluded in *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016) that an offense modification under Proposition 47 did not require federal resentencing. The defendant's circumstances in *Diaz* were similar to McGee's, except that he brought his claim on direct appeal. The Ninth Circuit held "Proposition 47 does not change the historical fact that [the defendant] violated § 841 'after two or more prior convictions for a felony drug offense [had] become final.'" *Id.* at 971 (quoting 21 U.S.C. § 841(b)(1)(A)). It therefore denied relief.

The Ninth Circuit reasoned that a state's later dismissal or expungement of a predicate state conviction had no effect on whether § 841's requirements were met, unless that dismissal or expungement was due to the illegality of the prior conviction due

10

to factors such as trial error or actual innocence. *See id.* at 973. The Ninth Circuit built on our reasoning in *Dyke,* holding that the relevant inquiry under § 841(b)(1)(A) is "whether the defendant was previously convicted, not the particulars of how state law later might have permitted relief from the defendant's state conviction." *Diaz*, 838 F.3d at 974 (internal quotation marks omitted). "In other words," the Ninth Circuit explained, "a state making a change to a state conviction, after it has become final, does not alter the historical fact of the [prior state] conviction becoming final—which is what § 841 requires." *Id.* (quoting *Dyke*, 718 F.3d at 1293).

*Diaz* also rebuts McGee's argument that the Proposition 47 relief he received had greater consequences than a mere expungement. The Ninth Circuit reached precisely the opposite conclusion. *See Diaz*, 838 F.3d at 974 (stating that dismissal or expungement of a predicate state conviction does not prevent the prior conviction from continuing to count as a predicate under § 841, even though dismissal or expungement is "*a more drastic change* than merely reclassifying it as a misdemeanor" under Proposition 47 (emphasis added)).

In his opening brief, McGee dismisses *Diaz* in a single sentence, arguing it "does not address the constitutional issues raised here and of course does not control in this Circuit." Aplt. Opening Br. at 9. But we find the Ninth Circuit's analysis highly persuasive on a key constitutional issue: whether McGee's sentence under § 841 was authorized by law. *See Snyder*, 871 F.3d at 1128 ("A sentence that is not authorized by law is certainly an actual and substantial disadvantage of constitutional dimensions." (internal quotation marks omitted)). For the reasons explained in *Dyke* and *Diaz*,

11

McGee's sentence remains authorized, and he has failed to demonstrate a due process violation.

### C. *McNeill v. United States*

Finally, although McGee relies on a footnote in *McNeill*, the overall reasoning of that case is unfavorable to his position. In *McNeill*, the defendant pleaded guilty to possession of a firearm by a felon. Under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (ACCA), he was subject to a fifteen-year minimum sentence if he had three previous convictions for a violent felony or a serious drug offense. At federal sentencing, he contested the use of his North Carolina drug trafficking convictions as "serious drug offenses." *See McNeill*, 563 U.S. at 818 (internal quotation marks omitted). The ACCA defined a "serious drug offense" as one for which "a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* at 817 (internal quotation marks omitted). At the time the defendant committed his drug offenses, each carried a ten-year maximum sentence, and he received ten-year sentences for them. But over a decade before he was sentenced under the ACCA, North Carolina reduced the maximum sentences for his crimes below the ACCA threshold. *See id.* at 818. In sentencing him under the ACCA, the federal court relied on the 10-year maximum sentence that applied at the time he committed his crimes. The Fourth Circuit affirmed. *Id.*

The Supreme Court determined the plain language of the ACCA "requires a federal sentencing court to consult the maximum sentence applicable to a defendant's previous drug offense at the time of his conviction for that offense. . . . The only way

12

to answer this backward-looking question is to consult the law that applied at the time of that conviction." *Id.* at 820 (internal quotation marks omitted). The Court noted the "ACCA is concerned with convictions that have already occurred," and rejected the defendant's argument that the phrase "is prescribed by law" in the definition of a "serious drug offense" referred to state law in effect at the time of sentencing. *Id.* The Court opined that "[a] defendant's history of criminal activity—and the culpability and dangerousness that such history demonstrates—does not cease to exist when a State reformulates its criminal statutes in a way that prevents precise translation of the old conviction into the new statutes." *Id.* at 823. In a similar sense, McGee's status as a person convicted of a felony drug offense, which existed at the time he committed his federal drug crime, did not disappear as a historical matter simply because his offense was reclassified.

### D. Conclusion

For the reasons we have stated, McGee's sentence is authorized and constitutional. The increased penalties under § 841 are designed to discourage recidivism. *See Dyke*, 718 F.3d at 1293 (noting § 841(a)(1)(A) is "aimed at punishing recidivism"). If a defendant committed a serious federal drug offense knowing that he had two prior felony drug convictions, and if has not shown that he was factually innocent of those prior convictions or that they were legally infirm, it does not violate due process to deny resentencing even if a state legislature later graciously decreased the penalty associated with a prior offense.

13

**CONCLUSION**

We affirm the district court's denial of McGee's § 2255 motion.

Entered for the Court


Gregory A. Phillips
Circuit Judge